Nash, J.
 

 The covenant to pay being in the lease, and not in a distinet and separate obligation, it was competent for the defendant to show, in an action upon the lease, that, at the time of its being made, the plaintiff had no title ; provided he could show, at the same time, that in consequence thereof he could not enter, or, having entered, he was evicted by a paramount title ; for it is upon the title of the lessor, and the enjoyment of the premises by the lessee, that the landlord’s right to the rent depends. In truth, in every plea of eviction there must be an averment that the lessor had not a perfect title, when he demised ; but that fact alone is not sufficient. To constitute a perfect plea, it must be added, that, in
 
 consequence,
 
 the lessee was evicted — the
 
 ivhole
 
 is the defence. 6 Taun. 534,
 
 Taylor
 
 v.
 
 Tamina.
 
 There is not that union here. The plaintiff had not the title, but the lessee has not been evicted j on the .contraiy, he has enjoyed his term, and received all the benefit he was entitled to under his lease, and cannot be permitted to set up his landlord’s want of title, in defence,
 
 Hodson
 
 v.
 
 Sharpe,
 
 10 East. 353. But in addition to this, at the time of the sale, by the agent of the owner, his right of possession under his lease, during the term, was recognized and expressly reserved to him, at the request of the plaintiff and. his father, who was a joint purchaser with him. If not bound under his covenant, to pay the present plaintiff, he will have enjoyed the use of the premises, without paying rent to any one.
 

 We perceive no error in the opinion of the Judge, who tried the cause.
 

 Per Curiam, Judgment affirmed»